IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARIAN CLAIRE STEELE, § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | CIVIL ACTION NO. H-17-3539 |
| § | |
| ANDREW SAUL, § | |
| COMMISSIONER OF THE SOCIAL § | |
| SECURITY ADMINISTRATION, § | |
| § | |
| Defendant. § | |

## MEMORANDUM AND ORDER

Pending is Plaintiff's Attorney, James F. Andrews' "Motion for Attorney's Fees Pursuant to Section 206(b) of the Social Security Act" (Document No. 21), in which Andrews seeks, pursuant to a written Fee Agreement, attorneys fees of $25,457.25, which represents 25% of the past due Social Security Disability Insurance benefits that were awarded to Plaintiff following the remand of this case to the Commissioner pursuant to 42 U.S.C. § 405(g). Defendant takes no particular position on the reasonableness of the attorney's fees sought, but does advise the Court that it must independently assess the reasonableness of that requested fee.

On March 20, 2019, Plaintiff's opposed Motion for Summary Judgment was granted, and the matter was remanded to the Social Security Administration for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g). (Document Nos. 17 & 18). Thereafter, a favorable decision was issued to Plaintiff, and she was awarded disability benefits and awarded past due disability benefits totaling $101,829.00. In addition, pursuant to the written fee agreement, 25 percent of the back benefits ($25,457.25) was withheld for attorney fees. Andrews requests that the amount withheld be awarded to him. Having conducted an independent review of the record, including counsel's time records, the attorney fee agreement, the Cost of Living indexes which have bearing on the hourly EAJA rate, and the prior EAJA fee award, the undersigned Court concludes that the requested attorney fee

amount of $25,457.25 is reasonable under the facts and circumstances of this case.

42 U.S.C. § 406 governs attorney's fees for the representation of clients claiming Social Security Disability benefits. Section 406(a) governs the award of attorney's fees for representing a claimant in administrative proceedings. Section 406(b) governs the award of attorney's fees for representing a claimant in court. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002). Section 406(b)(1)(A), provides, in pertinent part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

A prevailing claimant may collect fees under both the Social Security Act and the Equal Access to Justice Act, but the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796.

In *Gisbrecht,* the United States Supreme Court considered "[w]hat is the appropriate starting point for judicial determinations of `a reasonable fee for [representation before the court]'? Is the contingent-fee agreement between claimant and counsel, if not in excess of 25 percent of past-due benefits, presumptively reasonable? Or should courts begin with a lodestar calculation (hours reasonable spent on the case times reasonable hourly rate) of the kind we have approved under statutes that shift the obligation to pay to the loser in the litigation?" (citation omitted). The Supreme Court concluded that § 406(b) did not displace contingent-fee agreements within the statutory ceiling. The Court wrote:

> § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. § 406(b)(1)(A) (1994 ed., Supp.

> V). Within the 25 percent boundary, as petitioners in this case acknowledge, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.

*Id* at 1827. In considering the reasonableness of a contingency fee award, a number of factors are considered, including the quality of the attorney's representation, whether the attorney engaged in dilatory conduct to increase the amount of past due benefits or whether the award constitutes a "windfall" for the attorney. *Gisbrecht*, 535 U.S. at 808, *Jeter v. Astrue*, 622 F.3d 371, 377 (5th Cir. 2010). With respect to an "unearned advantage," consideration must be given to whether an attorney's success is attributable to his own work or instead to some unearned advantage for which it would not be reasonable to compensate him." *Id.* According to the Fifth Circuit, an example where it would not be a windfall to compensate an attorney is where the success is attributable to the attorney's efforts. Simply put, "if a claimant's success on appeal can be attributed to his attorney's endeavors before the district court, then that attorney should reap the benefit of his work – even if he managed to accomplish a great deal in a small window of time." *Id.* at 381.

The Fifth Circuit in *Jeter* declined to prescribe an exhaustive list of precise factors that must be considered, in assessing the reasonableness of an attorney fee award, but identified factors that could be considered such as the risk of loss in the representation, experience of the attorney, percentage of the past due benefits the fee constitutes, value of the case to the claimant, degree of difficulty, and whether the client consented to the requested fee. *Id.* at 381. Applying the factors suggested in *Jeter* it is clear that Andrews obtained excellent results for Plaintiff. There is no evidence that Andrews caused any unnecessary delay in the proceedings. The requested fee does not result in any windfall to Andrews. The award of past due benefits totaling $$101,829.00, and the continuing award of monthly disability benefits to Plaintiff was the direct result of Andrews' advocacy. The amount requested is in accord with the fee agreement. Plaintiff has consented to the requested fee. Andrews

3

devoted considerable time to Plaintiff's case and Plaintiff's medical records were extensive. Finally, Andrews assumed a risk in accepting the instant representation. "'Counsel always are accepting some risk in taking social security cases under contingency fee contracts because, statistically, roughly fifty percent will lose at the district court level.' We note that before this Court, the success rate is significantly lower than the rate of success before district courts." *Jeter*, 622 F.2d at 380 n. 9 (quoting from *Mentzell v. Astrue*, 623 F.Supp.2d 1337, 1340-41 (M.D. Fla. 2008)). After weighing the relevant factors, and considering comparable cases, *see e.g., Doskocil v. Comm'r of Soc. Sec.*, No. 3:17-CV-2434-L-BK, 2020 WL 4195955, at *2 (N.D. Tex. June 11, 2020) (and cases cited therein), *report and recommendation adopted sub nom. Doskocil v. Comm'r, Soc. Sec.*, No. 3:17-CV-2434-L, 2020 WL 4192617 (N.D. Tex. July 21, 2020), the Court concludes that the amount sought by Andrews is reasonable.

Finally, because attorney's fees were previously awarded under EAJA, Andrews must refund the smaller EAJA fee amount of $8,044.16, directly to Plaintiff.

Based on the foregoing, it is

ORDERED that Plaintiff's Attorney, James F. Andrews' "Motion for Attorney's Fees Pursuant to Section 206(b) of the Social Security Act" (Document No. 21) is GRANTED, and Plaintiff's counsel, James F. Andrews, is awarded $25,457.25 in attorney's fees to be certified for payment out of Steele's past-due benefits under 42 U.S.C.§ 406(b). Mr. Andrews shall remit the previously awarded EAJA fee award of $8,044.16 directly to Plaintiff.

Signed at Houston, Texas, this 14th day of September, 2020.

*Frances H. Stacy*
Frances H. Stacy
United States Magistrate Judge

5